## LOOMIS *v.* THE STATE.

No. 16092. MARCH 19, 1948.

*Homer L. Loomis Sr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, J. Walter LeCraw,* and *William T. Boyd,* contra.

BELL, Justice. ■ It is the duty of this court, with or without motion of a party, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Brockett* v. *Maxwell,* 200 *Ga.* 213 (1) (36 S. E. 2d, 638). We have carefully examined the several grounds of the motion for a new trial enumerated in the bill of exceptions, together with all other grounds of the motion, from the viewpoint of jurisdiction, and have reached the conclusion that this court does not have jurisdiction of the case. The alleged offenses of which the defendant was convicted were misdemeanors only, whereas this court does not have jurisdiction of a criminal case as such unless the accused was convicted of a capital felony. The plaintiff in error contends, however, that jurisdiction of the particular case is vested in the supreme court because of certain constitutional questions, which he claims were duly and properly raised in his motion for a new trial. There is nothing else in the record that would require mention in relation to jurisdiction.

In *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (1) (99 S. E. 374), this court ruled: "Under the constitutional amendment of 1916, defining the jurisdiction of the Supreme Court and the Court of Appeals of this State (Ga. L. 1916, p. 19, Park's Code Supp. 1917, §§ 6502, 6506), the Court of Appeals has jurisdiction to decide

■

questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States, or any treaty." The decision in that case was based upon the Constitution of 1877, as amended in 1916, and it has been quoted and followed in numerous later cases. The rule is the same under the Constitution of 1945. See Code of 1933, §§ 2-3005, 2-3009; Ga. L. 1945, pp. 43, 44 (Code, Ann. Supp., §§ 2-3704, 2-3708).

So, in *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (2a) (39 S. E. 2d, 473), it was held: "The Court of Appeals and not the Supreme Court has jurisdiction of a case involving a mere application, in a general sense, of unquestioned and unambiguous provisions of the Constitutions of this State and the United States." The rule as thus stated applies to each and all of the six special grounds of the motion for a new trial that are first set forth in the preceding statement, to wit, 1, 13, 15, 16b, 16d, and 31, so that none of these grounds raised any question that would place jurisdiction in this court.

If *Forrester* v. *Interstate Hosiery Mills,* 194 *Ga.* 863 (23 S. E. 2d, 78), cited by the plaintiff in error, is in any way contrary as related to jurisdiction, the decision in that case appears upon its face to be a mere physical precedent; also, it would yield as authority to *Gulf Paving Co.* v. *Atlanta,* supra, and numerous other cases older than the *Hosiery Mills* case, such as *Head* v. *Edgar Brothers Co.,* 187 *Ga.* 409 (200 S. E. 2d, 792), and cases cited. See Code, § 6-1611.

■ In special ground 4 it appears that the defendant requested the court that he himself be allowed to cross-examine a named witness, stating in effect that he was better acquainted with the facts, to which the witness had testified on direct examination, than his attorney was, and that he was therefore in better position than his attorney to conduct such cross-examination; his attorney at the same time invoking in his behalf the provision of the Constitution that "No person shall be deprived

of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." The court denied the request unless the defendant would dismiss the attorney who was at that time representing him.

It is contended for the plaintiff in error that the meaning of the quoted provision of the Constitution is doubtful under its own terms and under the decision of this court in *Roberts* v. *State,* 14 *Ga.* 18 (2), so as to require construction of such provision in the present case. We can not agree. The constitutional provision referred to in the *Roberts* 'case was contained in section 8 of article 3 of the Constitution of 1798, then in force, and declared that "No person shall be debarred from advocating or defending his cause before' any court or tribunal, either by himself, or counsel, or both."' Cobb's Digest, p. 1123, par. 46; McElreath on Constitution of Georgia, 263, § 398. The decision was in part as follows:

"The prisoner was represented by counsel on the trial, and the examination of witnesses was conducted by one of them. After a full cross-examination of one of the witnesses called for the State, the prisoner asked leave to examine him further, which was refused; and this is complained of as violating his constitutional right of defense by himself, his counsel, or by both. His right was not violated. He appeared in person and by his counsel. He was entitled to conduct the examination, and if he had asked leave to do so in the outset, the request, no doubt, would have been granted. He did not think proper to make the request, but devolved that service upon his counsel. Having arranged with counsel, that one of them should conduct the examination, the court held him to it. Had he not held him to it, he would have compromitted the order, decorum, and efficiency of the court. The presiding judge in the courts of this country, has the power to prescribe the manner in which business shall be conducted—a power which it is not absolutely certain the legislature can take from him, unless it is exercised in such a way as to involve a deprivation of right. All rights in a court of justice are of necessity enjoyed through forms of procedure— indeed, the rules of the court, and the ever-present power of the judge, to maintain order—to prevent unnecessary consumption of time, and to discipline the action of the court in ways and

at times, and under circumstances which do not admit (in a judge's opinion!) of specification, are indispensable to the full-. est enjoyment of every right. What Judge Starke did in this case, was nothing more nor less than to enforce .the usual rule of the court, as to *the manner in which the prisoner should exercise his constitutional right of defense in person.* As well might he complain, that he was denied the right of trial by jury, because the law prescribes the manner of summoning and selecting his jury."

It thus appears that the constitutional provision here under consideration is plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted, provided that this power can not be "exercised in such a. way as to involve a deprivation of right." Accordingly, special ground 4 involves nothing more than application of a plain and unambiguous provision of the Constitution to a given state of facts, for the purpose of determining whether the trial judge erred as contended therein, and, like the grounds considered in the preceding division, would come within the jurisdiction of the Court of Appeals. In all such instances, the court of review would simply consider and apply the constitutional provision just as it would any other plain and unambiguous law, for the purpose of determining whether error was committed. See generally, in this connection, *Moyers v. State,* 61 *Ga. App.* 324 (3) (6 S. E. 2d, 438); Rex *v.* White, 170 Eng. Rpts. 1318; Leahy *v.* State, 111 Tex. Crim. 570 (13 S. W. 2d, 874); State *v.* Ingram, 316 Mo. 268 (289 S. W. 637); People of the State of California *v.* Northcott, 209 Cal. 639 (289 Pac. 634, 70 A. L. R. 806, 817).

■ In ground 16a, the movant assigned error upon a portion of the judge's charge where he referred to counts 2, 4, and 5 of the indictment, and as to each count instructed the jury in effect that, if they believed beyond a reasonable doubt that the defendant committed the offense as alleged, they would be, authorized to convict him. It was alleged in this ground that each and every count of the indictment was based upon § 26-4902 of the Code of Georgia, and it was complained that such charge was erroneous for the reason that the statute is unconstitutional and void under stated provisions of the State and Federal Con-

stitutions. "A question as to the constitutionality of a law can not be raised for the first time in a motion for new trial, where it was not made either by demurrer to the pleadings or by objections to the evidence, or in some other appropriate way pending the trial." *Hendry* v. *State*, 147 *Ga.* 260 (8) (93 S. E. 413); *Starling* v. *State*, 149 *Ga.* 172 (99 S. E. 619); *Stone* v. *State*, 202 *Ga.* 203 (42 S. E. 2d, 727). The defendant knew that the statute here sought to be drawn in question formed the basis of the indictment, and therefore should have anticipated the charge upon which error is assigned. *Savannah Electric Co.* v. *Thomas*, 154 *Ga.* 258 (2) (113 S. E. 806). "A litigant, who knows that a statute is directly involved and forms the basis of the litigation, can not be permitted to wait until after the trial has ended to bring in question its constitutionality, which he must necessarily have known would govern the court in its instructions to the jury. The rule would be different if the litigant could not know or could not reasonably anticipate that the substance of the statute would be given in charge to the jury." *Boyers* v. *State*, 198 *Ga.* 838, 843 (3) (33 S. E. 2d, 251). See also *Moore* v. *State*, 194 *Ga.* 672 (22 S. E. 2d, 510).

■ Special ground 19 complained of two excerpts from the judge's charge to the jury, on the ground that these portions of the charge constitute such a construction of the Code, § 26-4902, "as renders the same unconstitutional;" and it was further alleged that "This is the first opportunity movant has had to complain of the court's said erroneous charge and said unconstitutionality of statute as construed therein." Aside from other questions, this ground of the motion does not attack the statute itself as being unconstitutional, but simply avers in effect that it would be unconstitutional when construed as the court construed it. So, neither does this ground raise any question as to the constitutionality of the statute. See, in this connection, *Northwestern Mutual Life Insurance Co.* v. *Suttles*, 201 *Ga.* 84 (2), 103 (38 S. E. 2d, 786), and cases cited.

■ Under the rulings made above, no constitutional question was properly made in the case such as would bring it within the jurisdiction of this court, and it is therefore

*Transferred to Court of Appeals. All the Justices concur, except Atkinson, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*