CITY OF GRIFFIN *v.* SOUTHEASTERN TEXTILE COMPANY.

No. 16426. NOVEMBER 18, 1948.

*Hall & Bloch, Beck, Goodrich & Beck,* and *Denmark Groover Jr.,* for plaintiff in error.

*Cumming, Cumming & Cumming,* contra.

HEAD, Justice. In this case section 28 of the charter of the City of Griffin (Ga. L. 1921, pp. 959-971) was the sole authority for an appeal to the Superior Court of Spalding County. Whether or not the charge of the court excepted to relates to section 28 of the charter of the city, the proper method to attack such section (where it was the basis for the relief sought) was by a direct proceeding for this purpose, rather than by an exception to a portion of the court's charge in a motion for new trial.

"A litigant, who knows that a statue is directly involved and forms the basis of the litigation, can not be permitted to wait until after the trial has ended to bring in question its constitutionality, which he must necessarily have known would govern the court in its instructions to the jury. The rule would be different if the litigant could not know or could not reasonably anticipate that the substance of the statute would be given in charge to the jury." *Boyers* v. *State,* 198 *Ga.* 838, 843 (33 S. E. 2d, 251); *Loomis* v. *State,* 203 *Ga.* 394 (47 S. E. 2d, 64). In this case the authority for the appeal was contained in the charter of the city, and the city will be presumed to know its charter powers.

A constitutional question is not properly made in the present case, and it must be transferred to the Court of Appeals, which has jurisdiction of the other assignments of error contained in the motion for new trial. *Stone* v. *State,* 202 *Ga.* 203 (42 S. E. 2d, 727).

*Transferred to the Court of Appeals. All the Justices concur.*