### 22239. GLASS v. THE STATE.

QUILLIAN, Justice. Lela Mae Glass was charged in the City Court of Thomasville with the offense of pointing a gun at another. The defendant filed a timely written motion challenging the array of the traverse jury on the ground that the systematic, arbitrary and deliberate exclusion of members of the Negro race from serving as jurors on the city court was a violation of the defendant's rights "as provided for under the equal protection clause and the due process clause of the Fourteenth Amendment" to the United States Constitution. After hearing evidence, the trial judge overruled the motion and the trial proceeded, resulting in the conviction of the defendant. The defendant filed a motion for new trial on the usual general grounds and later amended by adding two special grounds. In due time, the trial judge overruled the amended motion for new trial in its entirety. The defendant excepted and assigns error on the overruling of her challenge to the array and the denial of her amended motion for new trial. *Held:*

In *Crumb v. State*, 205 Ga. 547 (54 SE2d 639), where the defendant, a Negro, was charged with pointing a gun at another and challenged the array of the traverse jury because of the systematic exclusion of Negroes and therefore a violation of his rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, this court followed previous decisions of the United States Supreme Court and held, in a unanimous opinion, that

these constitutional prohibitions were applicable where over a period of time Negroes were purposely and expressly excluded from jury service. If these provisions as relating to the instant factual situation were ever of doubtful construction the question is now put to rest. The tests outlined by the United States Supreme Court and adopted as binding by this court in the *Crumb* case and subsequent decisions are the settled and undisputed law of this State.

The Court of Appeals and not the Supreme Court has jurisdiction of those cases which involve the application of unquestioned and unambiguous provisions of the Constitution to a given state of facts. *White v. State,* 196 Ga. 847, 849 (27 SE2d 695); *Smith v. State,* 201 Ga. 200 (39 SE2d 313); *Dade County v. State of Ga.,* 201 Ga. 241, 244 (39 SE2d 473); *Loomis v. State,* 203 Ga. 394, 401 (47 SE2d 58); *Abbott v. State,* 211 Ga. 200 (84 SE2d 667). Hence, this case must be *Transferred to the Court of Appeals. All the Justices concur, except Duckworth, C. J., Candler and Grice, JJ., who dissent.*

SUBMITTED NOVEMBER 12, 1963—DECIDED JANUARY 15, 1964.

*C. B. King,* for plaintiff in error.