## 40628.   GLASS v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted under an accusation charging her with pointing a gun at another. Before pleading, the defendant filed a challenge to the array of the traverse jury based upon the ground that the systematic, arbitrary and deliberate exclusion of members of the Negro race from serving as jurors in such court was a violation of the defendant's rights "as provided for under the equal protection clause and due process clause" of the Fourteenth Amendment to the United States Constitution. After hearing evidence the trial court overruled the challenge to the array and proceeded with the trial of the main case which resulted in the conviction of the defendant. Thereafter, the defendant's amended motion for new trial was overruled and by writ of error the adverse judgments were appealed to the Supreme Court. The case was transferred to this court when the Supreme Court determined that the case involved "The application of unquestioned and unambiguous provisions of the Constitution to a given state of facts." *Glass v. State,* 219 Ga. 565 (134 SE2d 813).

The solicitor of the trial court testified on cross examination that he had not seen a Negro serve on the juries in such court over a period of twelve years, and the clerk testified on cross examination that names of prospective Negro jurors on the jury list carry a designation of their racial identity. *Held:*

Under the decision of the Supreme Court of the United States in Avery v. Georgia, 345 U. S. 559 (73 SC 891, 97 LE 1244), the defendant made out a prima facie case of racial discrimination and the burden was upon the State to overcome such

354

prima facie case. No evidence was introduced by the State and the trial court erred in overruling the challenge to the array. The further proceedings were nugatory.

*Judgment reversed. Hall and Russell, JJ., concur.*

DECIDED MARCH 13, 1964.

*C. B. King*, for plaintiff in error.
*Marcus B. Calhoun, Solicitor*, contra.