## 23543.   WOODS v. THE STATE.

DUCKWORTH, Chief Justice.   1. A question as to the constitutionality of a law cannot be raised for the first time in a motion for new trial but must be made at the first opportunity, either in pleadings, objections to evidence, or in some other appropriate way pending the trial. *Boyers v. State,* 198 Ga. 838, 843 (33 SE2d 251); *Loomis v. State,* 203 Ga. 394 (47 SE2d 58), and cases cited therein, at page 405. Accordingly, none of the constitutional attacks here sought to be raised are properly before the court, and all specifications of error complaining thereof are without merit.

2. Since the law at the time of the trial of this defendant required that separate tax digests be kept of white and colored taxpayers, the selection of persons for jury duty to be made from such lists, no proof of same would be required, and the

exclusion of testimony in that regard on the hearing of the motion for new trial would not be harmful to the defendant. Further, since in the cases of Smith v. Texas, 311 U. S. 128 (61 SC 164, 85 LE 84) ; Hill v. Texas, 316 U. S. 400 (62 SC 1159, 86 LE 1559) ; Patton v. Mississippi, 332 U. S. 463 (68 SC 184, 92 LE 76), and Avery v. Georgia, 345 U. S. 559 (73 SC 891, 97 LE 1244), it was held that members of the Negro race must not be systematically excluded from jury duty, such separate lists insure that all Negro taxpayers are considered in making the selection of taxpayers for jury duty in order to insure a jury representative of the community. Nor is such plan of requiring the most experienced, upright and intelligent persons to serve on juries as required by *Code Ann.* § 59-106 (1953, Nov. Sess., pp. 284, 285; 1955, p. 247) a nonascertainable and vague method of jury selection. The very existence of government and the intelligent administration of justice demand that only persons intelligent enough to act wisely be placed in positions of trust and responsibility. The alternative would be ignorant destruction of law and order which no sane person would choose. See *Brookins v. State,* 221 Ga. 181 (144 SE2d 83) ; *Sims v. State,* 221 Ga. 190 (144 SE2d 103) ; State v. Brown, 233 N. C. 202 (63 SE2d 99) ; Brown v. Allen, 344 U. S. 443 (73 SC 397, 97 LE 469).

3. The mere fact that no Negro has ever been appointed as a jury commissioner of this county does not show a discriminatory practice to systematically exclude Negroes from such duty which would be violative of the Fourteenth Amendment of the Federal Constitution. Nor was it positively shown that Negroes have never served as jury commissioners. To consider the color of the skin in the appointment of jury commissioners would itself be basing selection on color, which would be unconstitutional. None of the specifications of error on this question are meritorious.

4. No facts are shown that the grand jury which indicted the accused was illegally constituted; nor was it shown that members of the Negro race were systematically and arbitrarily excluded from the grand and petit juries in this case, there being evidence that Negroes served on the jury which convicted the accused; nor would a letter from the State Superintendent of Schools showing the number of white and colored students in said county have any bearing on the alleged discriminatory practices (Atkins v. Texas,. 325 U. S. 398 (65

SC 1276, 89 LE 1692); Swain v. Alabama, 380 U. S. 202 (85 SC 824, 13 LE2d 75); Seals Wiman, 304 F2d 53); nor would the fact that in the past no Negroes served on the grand and petit juries in Emanuel County have any bearing on the present practice in said county which shows no discrimination existed on the juries that indicted and convicted this defendant. *Sims v. State*, 221 Ga. 190, supra. None of the specifications on this issue are meritorious.

5. The defendant failed to show that he was denied the benefit of counsel by his white appointed counsel, and the allegations that these attorneys failed to argue and raise certain constitutional questions and object to certain procedures and evidence during the trial show no denial of counsel as guaranteed by the Constitution. Trial counsel during the trial had the discretion of considering how they would proceed, and the following specified conduct of counsel during the trial in the exercise of their judgment is no showing that any of the rights of the accused were violated thereby (see *Sims v. Balkcom*, 220 Ga. 7, 13 (136 SE2d 766), and cases cited therein; Williams v. U. S., 345 F2d 733 (1965)): (a) The failure to request or call for the rule of sequestration of witnesses would be a discretionary act on the part of counsel and does not show negligence, unfaithfulness or incompetence. (b) Venue must be proven in every criminal case, and a failure to cross examine a particular witness on venue does not show a denial of counsel or negligence in failing to so cross examine. (c) Evidence that the accused smelled of alcohol was sufficient to authorize the introduction in evidence of the four cans of cold malt liquor in a cooler found inside the defendant's wrecked car. Nor would the failure of counsel to further cross examine a witness in regard to the smell of alcohol show, without more, lack of proper representation. (d) The testimony as to the injuries received by other witnesses riding in another car involved in the wreck at the scene of the crime was not inadmissible as inflammatory or prejudicial since these injuries were the result of the act of the defendant as much as the killing of the deceased. (e) The fact that the doctor smelled alcohol on the accused's breath was sufficient to authorize him to testify that the accused had been drinking. Further, the doctor's testimony about the defendant's injuries was helpful to the defendant since he testified that his actions, which could characterize a man

in a drunken condition, could have been caused by a person in shock from the injuries received. Counsel was not negligent in failing to object to such testimony.

None of the above illustrations shows negligence, irresponsibility, unfaithfulness or incompetence of counsel for the defendant which would amount to a complete lack of counsel.

6. The judgment of life imprisonment, based on the verdict of guilty with a recommendation of mercy, is not excessive, inhumane and cruel and unusual punishment for murder. *Harrison v. Young*, 47 Ga. 302; *Sims v. Balkcom*, 220 Ga. 7, supra; Bailey v. U. S., 284 F 126; Myres v. U. S., 256 F 799.

7. The evidence was conflicting on the hearing of the motion for new trial as to whether the defendant was represented at the time by counsel and elected to waive a preliminary hearing and be released on bond. No clear showing was made as to this ground, hence it is not meritorious.

8. The hearing of the motion for new trial being a chambers matter, the trial judge did not abuse his discretion in excluding the public from the hearing, since this was not a public trial.

9. On the hearing of the motion for new trial the trial judge did not testify for the State in stating to counsel and into the record that he had allowed the defendant to make bond upon request of his counsel, and that he had appointed counsel for the defendant when this counsel withdrew from the case.

10. Whether or not the witness, trial judge, solicitor, or defense counsel could properly pronounce the words "Negro" or "Negroes" during the hearing of the motion for new trial in chambers, provides no basis for granting or denying the motion for new trial and does not show or evidence racial discrimination. We know that Negroes use the pronounciation objected to, and whites do likewise, with no intended offense.

11. Since the defense had insisted in the hearing that the accused was without counsel, evidence that he had had counsel who withdrew before the later appointment of counsel by the court was admissible to refute the grounds of the motion complaining of the lack of counsel.

12. The allegations of the movant that he was indicted and tried in a segregated or racially exclusionary system of justice where Negroes are systematically excluded from employment or participation in the administration of justice are

mere conclusions of the pleader and refuted as to the selection of the grand and petit juries of this county in this instance. Further employment of Negroes in other positions of government would have no bearing on proving the denial of any rights this defendant might have under the Constitution.

13. Whether the statement or admission of the accused to a deputy sheriff while being carried to another hospital in another county that "that beer had really messed him up, that it had never done him like that before," was incriminatory, was a question for the jury to decide, and the admission of this testimony was not violative of the Fifth and Sixth Amendments of the Federal Constitution since there was no evidence that it was not freely and voluntarily made. Indeed the officer testified that it was freely and voluntarily made. See *Sims v. State,* 221 Ga. 190 (144 SE2d 103) ; *Mobley v. State,* 221 Ga. 716 (146 SE2d 735).

14. The evidence was sufficient to support the verdict of guilty of murder in that the accused did "with malice aforethought and with reckless disregard of human life," by driving an automobile under the influence of intoxicants, exceeding the speed limit, and driving in a reckless manner by violating certain traffic laws of this State, kill the deceased by giving him a mortal wound as a consequence of striking him with said automobile, from which wound he died. None of the general and special grounds of the motion for new trial or the specifications of error enumerated which attack the sufficiency of the evidence are meritorious, and *Code* § 26-1004 which gives rise to a presumption of malice on the unlawful killing of an individual is not violative of the Fifth, Sixth and Fourteenth Amendments of the Federal Constitution. The probative fact, that is, the unlawful killing of the deceased in the manner alleged in the indictment is sufficient to raise the presumption of malice, and this does not deprive the defendant of his rights under the Fourteenth Amendment of the Federal Constitution. See *Butler v. State,* 178 Ga. 700 (173 SE 856) ; *Jones v. State,* 185 Ga. 68 (194 SE 216) ; *Meadows v. State,* 186 Ga. 592 (199 SE 133) ; *Powell v. State,* 193 Ga. 398 (18 SE2d 678); *Geter v. State,* 219 Ga. 125 (132 SE2d 30).

15. Every specification of error, both in the motion for new trial as amended and in the enumerations of error filed in

this court has been read and considered and no merit has been found in any of them.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JUNE 30, 1966.

*John H. Ruffin, Jr.,* for appellant.

*Walter C. McMillan, Solictitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, A. Joseph Nardone, Jr.,* for appellee.