26372.   BRACKETT v. THE STATE.

ARGUED MARCH 8, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 22, 1971.

Lawton Miller, Jr., for appellant.

Jack J. Gautier, District Attorney, Fred M. Hasty, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Charles B. Merrill, Jr., Assistant Attorneys General, for appellee.

NICHOLS, Justice. ■ During the trial a question was raised as to whether the State had the burden of proving the defendant's sanity at the time the crime was allegedly committed. This question arose as a result of the former adjudication of insanity at the first trial, but no question was then raised as to "insanity at time of trial." In Flanagan v. State, 103 Ga. 619 (1) (30 SE 550), this court dealt extensively with the prisoner's right to demand only one trial upon a special plea of insanity and, upon the jury finding adversely to the prisoner, a later trial on such issue or a further delay because of the alleged insanity of the prisoner at that time is a matter in the sound discretion of the trial court. In Cardin v. Harmon, 217 Ga. 737, 739 (124 SE2d 638), the prisoner sought to raise the question of his sanity by a petition for a writ of habeas corpus filed within the time for filing a motion for new trial and it was held that such question could not be raised in that manner. It was there held: "The petition, although avoiding allegations that the prisoner was insane at the time of trial, and relying upon Code § 38-118 for a presumption that insanity adjudged in 1953 continued because no court judgment had restored his sanity, even if enough to charge insanity, shows no more than a ground of a motion for new trial and not even that, if known at the time of trial. It thus shows no ground for the writ of habeas corpus, and the judgment dismissing the same on demurrer was not error."

In the present case the defendant was relying upon insanity at the time of the alleged armed robbery and not upon any special plea of insanity at the time of the trial. It was only after the conviction that any attempt to raise such issue was made, and certainly where the defendant was represented by the same counsel at the original trial upon the special plea of insanity and at the final trial upon the issue made by the indictment, it could not be contended that this was newly discovered evidence.

The defendant was committed to the Central State Hospital upon the verdict on his special plea of insanity. The order committing him directed his return to the sheriff upon his release. *Code Ann.* § 88-506.7 provides for the delivery of such a patient to a peace officer upon his release by the superintendent of the hospital when the patient prisoner is no longer subject to hospitalization under the guidelines set forth in *Code Ann.* § 88-506.1, and it must be assumed, in the absence of anything else appearing, that the prisoner was not returned to the Sheriff of Bibb County until he was no longer in need of hospitalization for mental illness. This enumeration of error is without merit.

■ The sole remaining enumeration of error complains of the refusal of the trial court to sustain the defendant's objection to the pre-sentence hearing after adjudication of the defendant's guilt by the jury. This hearing was held under the provisions of the Act of 1970 (Ga. L. 1970, p. 949; *Code Ann.* § 27-2534), and the attack made sought to have the Act declared unconstitutional as containing matter in the body of the Act that was not covered by the title.

Complaint was also made that inasmuch as the date of the alleged crime, as well as the date of the indictment, were both prior to the effective date of the Act, the trial court erred in applying the Act to the defendant and having a separate presentence hearing after the verdict of guilty was returned and before the jury prescribed the sentence he should receive.

It is well settled that such a question must be raised at the first opportunity (see *Woods v. State,* 222 Ga. 321 (1) (149 SE2d 674)), and that if not so raised it is waived.

The record discloses that the defendant was served with a copy of the defendant's prior convictions, which the State intended to introduce into evidence under the authority of the Act the day before the trial began and no complaint as to such procedure was made until after the jury returned the guilty verdict.

The conduct of the defendant in waiting until after the verdict of guilty was received served as a waiver of the grounds of attack upon the Act which prescribed the procedure under which he was tried. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*