### 49378. TIFT v. THE STATE.

EBERHARDT, Presiding Judge.

Defendant was arrested November 28, 1972 upon a warrant charging burglary, was indicted May 14, 1973, had counsel appointed for him as an indigent September 13, 1973, was tried and convicted February 4, 1974, and on the sentencing phase of the trial was given a sentence of 2 years and 4 months. He appeals from the judgment on the verdict and enumerates as error (1) the sentence, which he contends was required to be in even years and not in years and part or parts thereof, and (2) an unreasonable delay in bringing the defendant to trial. In the notice of appeal appellant designated that the "transcript of evidence and proceedings will not be filed for inclusion in the record on appeal," and none was sent up. *Held:*

1. Appellant's contention relative to his sentence, which is within the limits set by Code Ann. § 26-1601 for the crime of burglary, not less than one and not more than twenty years, was decided adversely to him in *Lackey v. State,* 116 Ga. App. 789 (1) (159 SE2d 188). There is no inhibition against meting out a sentence measured in years and fractions thereof, so long as it falls within the statutory limits. The sentence here was not void or invalid.

2. A careful reading of the record does not indicate that the contention that there had been unreasonable delay in bringing the defendant to trial was raised in any manner or form in the trial court. There was no motion to quash the indictment, and no statutory demand for trial was filed at any time. Hence it was not passed on by the trial court and it may not be raised for the first time on appeal. *Bowman v. State,* 231 Ga. 220 (2) (200 SE2d 880); *Brackett v. State,* 227 Ga. 493 (2) (181 SE2d 380); *Robinson v. State,* 226 Ga. 461 (175 SE2d 505); *Woods*

*v. State,* 222 Ga. 321 (1) (149 SE2d 674). The burden of showing harmful error is on the appellant, and this he must do by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error. *Jenkins v. Board of Zoning Appeals of City of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204); *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (2) (187 SE2d 567).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED MAY 8, 1974 — DECIDED MAY 23, 1974.

*Durden, Durden & Allen, Rodney L. Allen,* for appellant.

*William S. Lee, District Attorney, Robert E. Baynard,* for appellee.