## 53543. SHERRELL v. THE STATE.

WEBB, Judge.

Ralph Sherrell was convicted of burglary and appeals from the overruling of his motion for new trial.

1. Sherrell contends that the weight of the evidence was contrary to the verdict of guilty. This issue is addressed to the trial court alone; the appellate courts undertake only to determine the sufficiency of the evidence and here, although circumstantial, it was ample to support the verdict. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Minor v. State,* 139 Ga. App. 168 (1) (228 SE2d 33) (1976).

2. Error is asserted on the failure of the trial court to rule upon the admissibility of a witness' answer to a question of the state's attorney, which was objected to as leading. The transcript reveals that the offending question was not answered, and when rephrased so as not to be leading, was not objected to by the defense. This enumeration is without merit.

3. Question of a witness by the state as to why she looked into a plastic garbage bag containing a cutting machine alleged to have been removed from the burgled premises by Sherrell went to explain why she called the police. The testimony objected to, which related to a conversation with Sherrell's sister, was not admitted to prove whether Sherrell took the machine but to explain the witness' conduct. As such it was not hearsay but admissible evidence under Code § 38-302. *Davis v. State,* 135 Ga. App. 203, 207 (4) (217 SE2d 343) (1975).

4. The trial judge did not abuse his discretion by allowing the state to ask leading questions of certain reluctant witnesses who were either related to or friends of Sherrell. Code § 38-1706; *English v. State,* 234 Ga. 602, 603 (2) (216 SE2d 851) (1975).

5. An alleged improper question as to whether Sherrell had been fired by his former employer, the victim of the burglary, was quickly restated and no further objection was made by the defense. Not only was no ruling to the objection called for, evidence previously introduced by the state establishing the fact of and reasons for Sherrell's termination of employment was admitted without challenge.

6. Sherrell's claim that his trial counsel was so incompetent as to deny him a fair trial under the Sixth and Fourteenth Amendments is totally unsupported by the record. Indeed, the trial transcript reflects that his

attorney actively and aggressively defended the case. "[T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974); *Carter v. State,* 137 Ga. App. 824, 825 (2) (225 SE2d 73) (1976) (cert. den.). We find no ground for reversal for any reason asserted.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED
MARCH 4, 1977.

*Mullis, Reynolds, Marshall & Horne, Arthur L. Phillips,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Charles H. Weston, Assistant District Attorney,* for appellee.