## 56003. RAYMOND v. THE STATE.

WEBB, Judge.

Convicted of burglary in February of 1976, Elgie Raymond in a habeas corpus proceeding was granted on March 9, 1978 an out-of-time appeal. He now complains that (1) the verdict and judgment were contrary to the evidence and to the principles of justice and equity, and (2) he was denied effective assistance of counsel, asserting that his state-appointed counsel refused to call certain witnesses present at the trial who wished to testify in his behalf. We find no merit in either of these enumerations of error, and affirm.

1. This court passes upon the sufficiency, and not the weight, of the evidence. The latter is for the jury. *Paul v. State,* 144 Ga. App. 106 (1) (240 SE2d 600) (1977); *Sherrell v. State,* 141 Ga. App. 502 (1) (233 SE2d 869) (1977). There was sufficient evidence to authorize the verdict.

2. Raymond contends that his appointed trial counsel was so ineffective as to constitute "an insult to justice and a denial of his 6th and 14th amendment rights." No argument or citation of authority is offered in support of the contention, but he attaches to his brief to this court an affidavit that he had some witnesses present at the trial who "were prepared to give testimony that

would indicate his innocence," and that his trial counsel refused to call them to the witness stand. Also, he offered to this court identical affidavits from three females each reciting that "she had and still has information that would tend to indicate the innocence of the accused Elgie Raymond." Neither the record nor counsel's brief indicates what that "information" is.

Raymond thus seeks to introduce evidence more than two years after his trial, no complaint having heretofore been made about the nonproduction of such unspecified evidence. "The burden of showing harmful error is on the appellant, and this he must do by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error." *Tift v. State,* 132 Ga. App. 10 (2) (207 SE2d 261) (1974).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED JUNE 27, 1978.

*Joseph C. Kitchings,* for appellant.
*J. Lane Johnston, District Attorney, John R. Turner, Assistant District Attorney,* for appellee.