## 35689. ALLISON v. FULTON-DEKALB HOSPITAL AUTHORITY.

HILL, Justice.

In February, 1975, Fulton-DeKalb Hospital Authority, operator of Grady Memorial Hospital, sued the defendant for hospital expenses incurred by his 16-year-old daughter the previous August during the birth of an illegitimate child.

The defendant answered with a general denial, but amended the answer more than four years later to include a constitutional challenge to Georgia's paternal child support statute, Code § 74-105, under the rationale of Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), decided shortly before by the United States Supreme

Court.

The Georgia statute, Code § 74-105 (revised effective April 4, 1979, Ga. L. 1979, pp. 466, 492), provided that the father is under a duty to provide for the maintenance, protection and education of his child until majority. The trial court, sitting without a jury, concluded that the constitutional defense should not be given retroactive effect and that the father was nonetheless under a common law duty of support in the absence of statute. The trial court further concluded that the hospital had made a sufficient showing to sustain its case including a showing that the defendant's minor daughter was not emancipated. The defendant's motion for a new trial was denied and he appeals.

1. Defendant's first enumeration of error alleges that the trial court erred in overruling his constitutional attack. Constitutional challenges must be raised at the first opportunity. *Brackett v. State,* 227 Ga. 493 (181 SE2d 380) (1971). Constitutional challenges should be raised as soon as the law which is subject to constitutional objection comes to the attention of the challenger's attorney. 5 EGL 530, Constitutional Law, § 182.

In this case the original answer was filed March 10, 1975, and was not amended to include the equal protection challenge until March 23, 1979, after the March 5, 1979, decision in Orr, supra. At least four continuances had been obtained during the four-year period. The record clearly shows that defendant had an ample opportunity to ascertain the nature of the hospital's claim and to challenge it before the Orr decision.

In April, 1976, the hospital answered interrogatories showing that its patient had been 16 years old at time of admission, that there had been no express agreement by anyone to pay the charges for her medical treatment, and that the defendant had been billed for his daughter's care because he was her father. At this point the law on which the hospital's claim was based was or certainly should have been known to the challenger's attorney. Yet the constitutional question was not raised until another 2 years and 11 months had passed. A defendant will not be allowed to delay asserting his defenses indefinitely in

hopes that a decision will be rendered which provides him with an arguable constitutional defense. We find that the constitutional question was not timely raised in this case.

2. Defendant contends that the trial court erred in finding that the hospital had proved the elements of its case. Specifically, defendant alleges that the hospital failed to prove that defendant was the father of the patient, that the value of the services rendered was reasonable and that the daughter was not emancipated.

This case was tried before the court without a jury. The trial judge entered findings of fact and conclusions of law. Such findings of fact shall not be set aside on appeal unless they are shown by the appellant to be clearly erroneous. Code Ann. § 81A-152 (a). The findings of fact entered by the trial judge in this case have not been shown to be clearly erroneous.

3. Defendant's final enumeration of error alleges that the trial court erred in finding that Code § 74-9901 (placing "lying in" expenses on the putative father of the illegitimate child), being specific, did not supplant the father's general statutory duty to pay medical expenses for his unmarried minor daughter, Code § 74-105. Code § 74-9901 is a criminal statute which provides that the putative father of an illegitimate child will be guilty of a misdemeanor when he fails to give lawfully prescribed security for enumerated expenses, including the lying in expenses of the mother. The statute does not show that the putative father is solely responsible for such expenses. The trial court properly interpreted the law and refused to discharge the defendant from liability for maternity expenses incurred by his daughter.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents to Division 1.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 26, 1980 — REHEARING DENIED MARCH 13, 1980.

*Richard K. Greenstein,* for appellant.

448

*Robert S. Travis, Curtis M. Cook,* for appellee.