NOVEMBER 3, 1980

No. 79–6743. ALLISON v. FULTON-DE KALB HOSPITAL AUTHORITY. Appeal from Sup. Ct. Ga. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

The issue on this appeal is whether the Georgia Supreme Court's reliance upon a newly announced state procedural rule requiring litigants to raise federal constitutional claims earlier than other claims constituted reliance upon an independent and adequate state ground barring this Court's jurisdiction.

Appellee Fulton-De Kalb Hospital Authority filed a complaint on February 5, 1975, against appellant Allison for hospital expenses incurred by his 16-year-old daughter when she gave birth to an illegitimate child. There was no contract between Allison and the hospital. Instead, the suit was brought under a now repealed Georgia paternal child-support statute making it the duty of the father to provide for the "maintenance, protection, and education of his child" until majority. Ga. Code § 74–105 (1978).[1]

---

[1] The new Georgia statute, enacted soon after this Court's decision in *Orr* v. *Orr*, 440 U. S. 268 (1979), states:

"Until majority, it is the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, except to

Allison's answer to the complaint denied owing any money; however, his answer failed to raise any constitutional challenge to the statute. In April 1976, the hospital answered interrogatories revealing, *inter alia,* that Allison was billed because of his status as father of the minor patient. Almost three years later, but still before the start of trial, *Orr* v. *Orr,* 440 U. S. 268 (1979), was decided by this Court, and Allison amended his answer to include an equal protection challenge to the statute. His case was tried several days later, and resulted in entry of judgment for the hospital. Observing that the debt was incurred more than four years before *Orr* was decided, the trial court, without analysis, concluded, *inter alia,* that the constitutional defense established by *Orr* should not be given retroactive effect.

On appeal, the Georgia Supreme Court affirmed the judgment, refusing to reach the constitutional question on the ground that it had not been timely raised. The court noted that under state case law, constitutional challenges must be raised "at the first opportunity," which the court interpreted as occurring when "the law which is subject to constitutional objection comes to the attention of the challenger's attorney," 245 Ga. 445, 446, 265 S. E. 2d 575, 576 (1980). In this case, the court interpreted the rule to require constitutional challenge at least at the time the hospital answered Allison's interrogatories.

Because I entertain serious doubt whether our decided cases permit the Georgia Supreme Court to avoid decision of Allison's federal constitutional claim by charging him with the duty to anticipate application of the new procedural rule announced in his case, *NAACP* v. *Alabama,* 357 U. S. 449, 457–458 (1958), and because I doubt in any event that the rule serves a legitimate state interest, *Henry* v. *Mississippi,*

---

the extent that the duty of one parent is otherwise or further defined by court order." Ga. Code Ann. § 74–105 (1979).

379 U. S. 443, 447–448 (1965); *Ward* v. *Board of County Comm'rs,* 253 U. S. 17, 22–23 (1920), I think that the case presents a substantial federal question: whether the new rule constitutes an independent and adequate state ground precluding our consideration of Allison's federal constitutional claim.

The Georgia Supreme Court's interpretation of "at the first opportunity" is not supported by prior precedent in the Georgia case law.[2] But more important, Georgia's civil practice statute directly conflicts with the Georgia Supreme Court's interpretation. That statute states that a "party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order." Ga. Code § 81A–115 (a) (1978). Appellant asserts, without contradiction from appellee, that there was no pretrial order entered prior to appellant's amendment of his answer. Therefore, it would appear that Allison was entitled to amend his pleading (as he did) under § 81A–115 (a) "as

---

[2] The Georgia Supreme Court cited only *Brackett* v. *State,* 227 Ga. 493, 181 S. E. 2d 380 (1971), and 5 Encyclopedia of Georgia Law § 182 (1977), to support its holding. But *Brackett* states without further explanation the general proposition that constitutional claims must be raised "at the first opportunity." 227 Ga., at 495, 181 S. E. 2d, at 382. The claim in *Brackett* was not raised before the start of trial, as here, but after the guilty verdict was returned. It was this timing the court considered to be too late. The Encyclopedia states that constitutional claims generally may not be raised after trial, and also comments that, if the constitutional "point is apparent at the outset, it may be raised by demurrer or other pleading." § 182, p. 530. Certainly appellant might properly believe that amending his answer before trial would suffice under this view of the law.

Other Georgia cases dealing with the definition of "at the first opportunity" similarly fail to support the Georgia Supreme Court's interpretation here. See, *e. g., Woods* v. *State,* 222 Ga. 321, 322, 149 S. E. 2d 674, 677 (1966); *Loomis* v. *State,* 203 Ga. 394, 404–405, 47 S. E. 2d 58, 64 (1948); *Boyers* v. *State,* 198 Ga. 838, 841–843, 33 S. E. 2d 251, 254–255 (1945).

a matter of course and without leave of court."[3]   The Georgia Supreme Court, inexplicably, does not refer to this statute.   Certainly appellant cannot be charged with anticipating the Georgia Supreme Court's interposition of this new procedural rule.[4]   This is yet another case, therefore, where novelty in procedural requirements cannot defeat review by this Court when a party justifiably acted in reliance on prior state law.   *Blair* v. *Kentucky*, No. 79–1795, and *Carpenter* v. *Kentucky*, No. 79–1798, *post*, p. 962 (BRENNAN, J., joined by MARSHALL, J., dissenting);[5] *NAACP* v. *Alabama, supra*, at 457–458.

In any event, it is highly doubtful that this rule serves a legitimate state interest.   The rule discriminates against federal constitutional claims by placing additional burdens on them that are not placed on state-law claims: the federal constitutional challenge can only be considered if raised as soon as the challenging party becomes aware of the allegedly unconstitutional law; the state-law challenge can be considered if it is raised at any time prior to entry of a pretrial order.   Such a distinction between federal constitutional and state-law claims belies any genuine state interest in the rule. At least as long as the constitutional claim is made at a time when the court may consider and decide it without disruption

---

[3] Even if a pretrial order had been entered, the result here would be the same.   The statute further states that a "party may [thereafter] amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Ga. Code § 81A–115 (a) (1978).   The statute nowhere suggests that constitutional claims will be treated specially.   The Georgia Supreme Court's new rule vitiates the discretion given by the statutory language to the trial judge to grant leave to amend "when justice so requires."

[4] The trial court itself thought appellant's constitutional claim timely, and gave it full consideration.

[5] Unlike petitioners in *Blair* and *Carpenter*, however, since this is a civil case, appellant will have no other federal-court remedy if we refuse to consider his appeal.

of the proceeding, the state interest in judicial efficiency is served. The Georgia Supreme Court asserts that a defendant must not be allowed to delay the raising of "defenses indefinitely in hopes that a decision will be rendered which provides him with an arguable constitutional defense," 245 Ga., at 446–447, 265 S. E. 2d, at 576–577,[6] but surely this rationale is equally applicable to changes in state law. Similarly, the rationale that requiring early presentation of claims might serve state interests in promoting settlement before trial and apprising parties of the opposing side's case is equally applicable to state-law as well as constitutional claims. In short, the Georgia Supreme Court's procedural rule effects an unnecessary and irrational discrimination against federal constitutional claims.

I would therefore at least postpone the question of jurisdiction and set the case for oral argument.[7]

---

[6] Appellant did move for four continuances before the trial began, but there is no evidence of bad-faith dilatory tactics.

[7] Appellee does not appear to contest Allison's claim that the challenged statute is unconstitutional. Indeed, § 1 of the Family and Domestic Relations Law Amended Act (1979) states:

"It is the intent of this Act to revise and modernize certain laws of this State which relate to intrafamilial duties, rights, and obligations, including laws relating to . . . support of minors . . . so as to comply with those standards of equal protection under the law announced in the United States Supreme Court decision in the case of Orr v. Orr." 1979 Ga. Laws 469.

The remaining question, therefore, is whether Orr should be given retroactive effect in this case. See Chevron Oil Co. v. Huson, 404 U. S. 97, 105–109 (1971).