## 63110. SMITH v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of theft by shoplifting and sentenced to six years confinement. His attorney filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), which we granted on November 2, 1981. Pursuant to Anders, counsel filed a brief in connection with his motion to withdraw setting forth any arguable contentions of error on behalf of appellant. Counsel enumerated the general grounds, and also enumerated as error the trial court's denial of a motion for continuance in order to secure an attorney of appellant's choice and the trial court's exclusion of appellant from the courtroom during his trial. Appellant also filed two supplemental briefs pro se, enumerating as error that he was denied effective assistance of counsel. Because appellant claims that he was denied effective assistance of counsel, we will review all enumerations of error raised by both appellant and his counsel prior to withdrawal.

1. The evidence disclosed that two men, one of whom was appellant, attempted to steal 24 pullover tops from a Sears, Roebuck & Company store at Columbia Mall in DeKalb County. One man reached up to a clothes rack and took the tops from the rack and put them in a large plastic garbage bag that the second man was holding. A saleslady observed the men and her manager and security personnel were alerted. When the two men saw the security personnel, they dropped the plastic bag and departed, going in different directions. Appellant was apprehended as he was going toward the escalator. Appellant had no authority to take the merchandise and neither he nor his companion paid for the merchandise. Appellant's companion, Michael Anderson, testified that he and appellant went to Sears to steal clothing or whatever they could steal. Anderson and appellant filled the garbage bag with sweaters; they were acting together and had no intention of paying for the merchandise. The store manager testified that 24 velour tops were in the plastic bag, and they had a total value of $400.

This evidence is more than sufficient to sustain the verdict, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. On several occasions the trial court had appellant removed from the courtroom because he was boisterous and was disrupting the proceedings. On each occasion the trial court told appellant he could remain in the courtroom if he would not disrupt the proceedings. The appellant informed the court he would continue to be disruptive, and

on one occasion asked the court to excuse him "because I will interrupt the courtroom because I want my attorney present." It is apparent from the transcript that the trial court afforded appellant every opportunity to remain in the courtroom if he would not be disruptive. However, appellant continued to argue with the judge and stated he would be disruptive, and on each occasion the trial court had appellant removed from the courtroom. Appellant was represented throughout the trial by the public defender, an attorney at law.

The Supreme Court of the United States has held that "a defendant [in a criminal case] can lose his right to be present at trial, if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." Illinois v. Allen, 397 U. S. 337, 344 (90 SC 1057, 25 LE2d 353). The court went on to hold that there are three constitutionally permissible ways for a trial judge to handle an obstreperous defendant: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; or (3) remove him from the courtroom until he promises to conduct himself properly. Id., at 345. In the instant case, the trial judge gave appellant every possible opportunity to remain in the courtroom if he would not be disruptive. On each occasion appellant either continued to argue with the judge and would not obey the judge, or stated specifically that he would continue to be disruptive. On one occasion, appellant asked to be excused from the courtroom because he would interrupt the court. Under such circumstances, it was not error to have appellant removed from the courtroom. Allen, supra.

3. Appellant next contends it was error to deny appellant a continuance to secure an attorney of his choice. The record discloses that appellant was in confinement from December 4, 1980 until he was tried on March 18-19, 1981; that a public defender was appointed to represent appellant and represented him at a probation revocation proceeding on February 24, 1981, and at the trial of the instant case; and that during the time appellant was confined from December 4, 1980 until the date of trial no attorney had been retained to represent appellant, and no attorney (other than the public defender) had made an appearance in court on appellant's behalf.

Although no specific motion for a continuance was made, appellant stated that he had a (retained) attorney, and hadn't had time to get in touch with him. Appellant stated further that he had tried the preceding night to contact his attorney, but the jailer would not allow him to do so.

Appellant had almost three and one-half months from the time he was confined in December 1980 until the date of trial in which to retain counsel if he desired, yet there is no evidence that he made any effort to do so. The first time he indicated he desired counsel other than his appointed counsel was at the commencement of jury selection. Further, appointed counsel stated on the record that he represented appellant. In response to the court's statement to appellant that he had not seen a private attorney, appellant stated: "Right, because I know I had probation and I know I had violated my probation and there wasn't no need for an attorney. I thought they was trying me at the probation revocation [on February 25, 1981]." The judge also informed appellant that the trial was going to proceed because appellant had ample time to employ counsel and had been unable to do so. Finally, when appellant was asked how he pleaded, he stated he had an attorney, but "I have not contacted my lawyer up until now."

Under the circumstances of this case, we do not believe appellant was denied his right to be represented by retained counsel. In another case where a defendant was not allowed to discharge appointed counsel and retain different counsel the day of trial, we affirmed denial of a continuance and held: "A defendant will not be permitted to use the discharge of [appointed] counsel and employment of another counsel as a dilatory tactic in requesting a continuance. [Cit.] The trial court concluded that the defendant and his [family] had ample resources and time to make arrangements to employ counsel and failed to do so." *Pope v. State,* 140 Ga. App. 643, 644 (2) (231 SE2d 549) (1976). See also *Brownlee v. State,* 155 Ga. App. 875-876 (2) (273 SE2d 636) (1980). Considering the fact that appellant had almost three and one-half months to retain counsel and made no effort to do so, we find no error in denial of a request for continuance. *Pope, Brownlee,* supra.

4. Appellant's contention that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States (Code §§ 1-806, 1-815) is based primarily on the fact that the court would not grant a continuance to allow appellant time to retain an attorney; we have discussed that issue in Division 3. However, in his brief filed pro se, while acknowledging that his appointed counsel was competent, appellant contends that appointed counsel did not do proper research to prepare for trial, did not interview witnesses and did not file pretrial motions. These allegations are not supported by the record, which discloses that counsel was well prepared and conducted thorough cross-examination of all prosecution witnesses. Thus, appellant's claim that his counsel was so ineffective as to deny him a

fair trial under the Sixth and Fourteenth Amendments is totally unfounded. "[T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974); *Sherrell v. State,* 141 Ga. App. 502, 504 (233 SE2d 869) (1977). Accordingly, this enumeration is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 4, 1982.

*Robert Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.