## IN THE MATTER OF SLIZ.

(SUPREME COURT DISCIPLINARY NOS. 103, 117)

PER CURIAM.

These cases involve two disciplinary proceedings against Jeffery R. Sliz, an attorney who has practiced law in Lawrenceville, Gwinnett County, since his admission to the Bar in 1975. The State Disciplinary Board has recommended that respondent be publicly reprimanded in each proceeding. We will consider each case separately except as to the recommended discipline.

### Case No. 103

The first disciplinary proceeding commenced when representatives of the Atlanta Center for Psychotherapy filed a complaint

against the respondent alleging that he had abandoned three accounts he had agreed to pursue on a cost plus one-third contingent fee basis. One other account was successfully collected and is not in issue in this case.

After investigating the allegations, the State Bar of Georgia filed a formal complaint against respondent alleging that he was in violation of Standard 44 of State Bar Rule 4-102 (241 Ga. 721, 738). T. Penn McWhorter, an attorney practicing in Barrow County, was appointed special master. Respondent acknowledged service on November 2, 1979.

The respondent answered the complaint, denying violation of Standard 44. By amendment to his answer, respondent later asserted that Standard 44 is unconstitutionally vague and overbroad.

Upon motion by bar counsel and over respondent's objections, the special master ordered the disciplinary hearing continued until February 29, 1980, approximately 27 days beyond the 90 days provided in Rule 4-213. The continuance was granted "in view of circumstances beyond the control of either party namely the termination of employment of bar counsel who was fully familiar with the case and the subsequent removal from the State of Georgia of a witness necessary to a full understanding and complete hearing of the matters lodged."

The special master heard the matter and concluded that the continuance had been properly granted, that Standard 44 was neither unconstitutionally vague nor overbroad, and that the respondent had violated Standard 44. He recommended that respondent be publicly reprimanded. The State Disciplinary Board approved and adopted this recommendation.

Specifically, the special master found that the Atlanta Center for Psychotherapy had sent three accounts to respondent for collection, that respondent had taken some action toward collecting them, but had in effect wilfully abandoned this client as regarded these three matters.

The largest uncollected account was for $815.00 and was sent for collection on August 17, 1977. Suit was filed to collect the account and was answered with a $25,000 malicious prosecution counterclaim. This suit and counterclaim were dismissed when respondent failed to appear or be represented at a January 16, 1979, hearing on his motion in opposition to the counterclaim and the defendant's motion that the Atlanta Center for Psychotherapy lacked capacity to sue. Respondent admitted that he had taken no action to refile the suit or otherwise collect the debt and had not told the client that the suit had been dismissed. He defended on the basis that an attorney in his office he had assigned to handle the case had failed to appear at the

hearing. He did not inquire of this attorney as to the basis of the dismissal, thought it had been dismissed on the merits and did not learn the reason for dismissal until the bar complaint was filed.

The second account involved a debt of $317.50 sent for collection on October 28, 1977. The special master found that respondent had sent a demand letter and had warned his client that collection would be difficult. He, however, failed to pursue collection efforts after he was notified by opposing counsel that the matter would be hotly contested. He failed to locate the defendant for service although the defendant was known by respondent to be an attorney and although he had sufficient information to locate him. He apparently failed to file suit as he had been instructed although his client had paid costs for the filing of such action. (At the time of the disciplinary hearing, respondent could not find the file on this account and was not certain of the circumstances surrounding the matter.) The record indicates that respondent may have turned these accounts over to his associate for collection. At the time of the hearing before the special master, the debtor had moved out of state. The special master concluded that "Respondent never verbally advised the Atlanta Center for Psychotherapy that he would not pursue the matters [and] he at best treated it with almost unbelievable indifference . . . Responses were made very casually and at times not at all, when efforts were made by his client to contact him . . ."

The third account involved a $300.00 debt which was sent for collection on February 15, 1978. A demand letter was sent soon afterward, and a suit was finally filed in January, 1979, at the client's incessant urging. Service could not then be obtained at the address given process servers although the client at all times offered to locate the debtor. The special master found that a year elapsed without effort to locate the debtor and concluded that the respondent abandoned the case on two occasions: first when he failed to file suit after writing the demand letter and second when he failed to take steps to effect service of the complaint.

In determining that respondent wilfully abandoned these cases in violation of Standard 44, the special master noted a number of factors indicative of respondent's attitude although not allocable to any individual collection case. He found that respondent had not bothered to return his client's calls and often did not respond to their letters, could not locate two of the three files, failed to exercise supervision over the associate who was handling much of the work on the above described accounts, had not known the outcome of the associate's collection efforts, and, failed to advise the client of the status of the cases or to seek the assistance from the client he now

claims the client withheld.

1. Respondent contends that, absent his consent, the special master was without authority to conduct the disciplinary hearing more than 90 days after service of the original complaint. He bases his contention on State Bar Rule 4-213 which provides that "Within ninety (90) days after service of the formal complaint upon the respondent attorney the special master shall proceed to hear the case." (241 Ga. at 753). This contention overlooks the special master's authority under State Bar Rule 4-210 (e) "to grant continuances and to extend any time limit provided for herein as to any matter pending before him." (241 Ga. at 751).

When construed together, these provisions do not require dismissal of a case not heard within 90 days. Nor do they mean that only the respondent may obtain a continuance of the hearing. Instead, they require a special master to proceed to hear the case within ninety (90) days after service of the formal complaint, subject to his discretion to grant a continuance when required by the facts of the case. Such provisions are intended to avoid delay but also to allow a continuance when the ends of justice require. See Code Ann. § 81-1419. The special master had the authority to postpone the hearing beyond the 90 days prescribed in Rule 4-213, supra.

2. Respondent contends the special master erred in finding that Standard 44 of Rule 4-102 (241 Ga. at 738) was not unconstitutionally vague. Respondent contends that Standard 44 is unconstitutionally vague (Code Ann. §§ 1-815, 2-101) because it punishes an attorney for "in effect wilfully abandon[ing]" a legal matter.[1]

Standard 44 provides that "A lawyer shall not without just cause to the detriment of his client *in effect wilfully* abandon or wilfully disregard a legal matter entrusted to him."[2] (Emphasis supplied.) Respondent contends such language denies due process because it fails to provide potential offenders (lawyers) with fair notice of the conduct which it prohibits. He argues that such language is not limited to wilful abandonment or disregard of a legal matter and could include neglect.

The challenged phrase, "in effect wilfully", permits proof of the attorney's wilfulness by circumstantial evidence rather than direct proof. It does not punish negligence by an attorney; it does punish

---

[1]Although this constitutional question was not timely raised, *Allison v. Fulton-DeKalb Hosp. Auth.,* 245 Ga. 445 (1) (265 SE2d 575) (1980), cert. den. —— U. S. —— (1980), we will consider and resolve it because of its importance to the Bar and to the public. *Brown v. Housing Authority,* 240 Ga. 647, 653 (242 SE2d 143) (1978).

[2]A violation of this standard may be punished by disbarment.

wilful continued neglect amounting to abandonment.

The words "wilfully abandon or wilfully disregard" are words easily understood and frequently applied by lawyers. Respondent acknowledges this to be so by his attack upon the words "in effect wilfully." The words "in effect" appear frequently in court opinions, see *Auto-Owners Ins. Co. v. Safeco Ins. Co.,* 245 Ga. 558, 560 (266 SE2d 175) (1980); *Lines v. State of Ga.,* 245 Ga. 390, 393 (264 SE2d 891) (1980); *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, fn. 5 (263 SE2d 905) (1980); *Franklin v. State,* 245 Ga. 141, 155 (263 SE2d 666) (1980), and as used there and in Standard 44 means "tantamount to" or "equivalent to." Thus, the standard provides that a lawyer shall not without just cause to the detriment of his client wilfully abandon or wilfully disregard a legal matter entrusted to him, or so continuously neglect a legal matter as to be tantamount or equivalent to wilfulness. Standard 44 is not unconstitutionally vague or overbroad.

3. Respondent contends there is insufficient evidence in this case to sustain a finding of a violation of Standard 44. He acknowledges that findings of fact by the special master approved by the State Disciplinary Board are conclusive if supported by any evidence (Rules 4-218, 4-219(a)). He takes the position, however, that conclusions of law of the special master approved by the Disciplinary Board are not conclusive, and that the question of whether the State Bar has proved its case beyond a reasonable doubt (Rule 4-221(e)) is a question of law for this court. Although we agree with this position, we find the evidence set forth above to be ample to support the finding that respondent has violated Standard 44.

In the largest account, respondent failed to appear at a hearing and the suit was dismissed. Respondent not only failed to inform himself as to the cause of the dismissal and failed to take action to refile the case or otherwise collect the debt, he did not inform his client of the dismissal.

In the second account, respondent apparently did not file suit, failed to take steps to locate the defendant, an attorney known to him, and at the time of the disciplinary proceeding, could not find the file on the case and was not certain of the circumstances surrounding the matter. At no time did he inform his client that the matter was not being pursued.

Regarding the third account, after belatedly filing suit respondent again failed to locate the debtor for service and requested no help from his client in getting an address.

In all of these matters, he did not bother to return his client's calls or letters, and was at best hazy on the outcome of these matters. Such activity provides ample support for a charge of "in effect

wilfully" abandoning and disregarding matters entrusted to him.

Respondent urges by the facts he emphasizes that because he first met the client's administrator socially, that he agreed to undertake the collection cases at a basketball game after discussion of how difficult they would be, and that he reduced his fee on the one account which was collected, that the client was somehow entitled to less than his best effort in these three cases. A social acquaintance who employs an attorney to represent him or her is nevertheless a client irrespective of what the relationship was prior to the creation of the attorney-client relationship and irrespective of the fact that the representation was agreed to at some place other than the attorney's office. The fact that an attorney represented the client in one matter effectively and inexpensively does not insulate him from a charge of disregarding or abandoning other matters entrusted to him by that same client. The attorney agreed to accept these collection claims, and the fact that such claims are difficult does not excuse his failure to attend to them, to pursue them, and to keep the client advised of their status. In this connection, we also note that the client's failure to come to the attorney's office, or to discharge the attorney, does not absolve the attorney of responsibility.

Respondent urges that the evidence shows no detriment to the client because the statute of limitations had not run up to the time of the special master's hearing. On the contrary, during the months these claims were not being pursued the client was without the use of its money, was without interest thereon, and was without the filing fee it advanced in at least one of the cases. The client was precluded from employing other counsel by the respondent's failure to communicate with the client and advise the client whether collection was imminent or a lost cause. In one of the cases the debtor left the state while the respondent was inactive in locating him. In showing "detriment" to the client within the meaning of Standard 44 it is not necessary for the State Bar to show that the client would be entitled to recover monetary damages from the attorney or would be able to collect from the debtor by use of a diligent attorney.

We find no ground to reverse the findings below that respondent violated Standard 44.

### Case No. 117

The second disciplinary proceeding commenced when Kenneth P. Jocoy filed a complaint with the State Bar. The formal complaint alleged that respondent had represented Mr. Jocoy in undertaking to sell his stock in a closely held corporation to the other major stockholder or to the corporation; that after discussing the reasons for the stock sale, respondent handled much of the necessary legal

work; that thereafter the complainant employed other counsel who filed suit against the corporation and the other stockholder; that respondent answered that suit on behalf of the defendants; and that in response to complainant's motion to disqualify, respondent agreed to resign but contrary to such agreement continued his representation of the defendants. The complaint alleged that respondent had violated Standards 35 and 4 of State Bar Rule 4-102 (241 Ga. at 736, 722) by accepting employment adverse to his former client's interests after having served as counsel in the same matter and that respondent wilfully misrepresented that he would resign from the case but had failed to withdraw as counsel.[3]

The respondent answered that he had acted as corporate attorney, rather than as attorney for Jocoy, that he in no way had a confidential relationship with Jocoy, and that he had simply neglected to withdraw as counsel and had done so when he was reminded of it. He later petitioned for voluntary discipline of either a private or public reprimand.

The special master accepted the respondent's petition, concluded that he had violated Standards 4 and 35 and recommended that respondent be privately reprimanded. The State Disciplinary Board recommends that respondent be publicly reprimanded.

### Discipline

4. The respondent contends that the State Disciplinary Board's recommendations of a public reprimand in both these cases is excessive in light of his age, inexperience and, the size of the community in which he practices.

The State Bar rules prescribe disbarment as a proper punishment for violation of either Standard 44, 4 or 35.

The special master recommended that respondent be publicly reprimanded for violation of Standard 44 (Case 103) and that he be privately reprimanded for violation of Standards 4 and 35 (Case 117). The State Disciplinary Board accepted the special master's recommendation for the Standard 44 violation but increased

---

[3]Standard 35 provides "A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under Standard 37. A violation of this standard may be punished by disbarment."

Standard 4 provides "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. A violation of this standard may be punished by disbarment."

the punishment from private to public reprimand in the other case.

By petitioning for private or public reprimand, the respondent avoided full evidentiary development of the facts in Case 117 and waived his right to complain of the public reprimand imposed by the State Disciplinary Board in Case 117.

As for Case 103, the same or greater punishment has been imposed under similar circumstances. Compare, *In the Matter of Langley,* 246 Ga. 162 (269 SE2d 860) (1980) (voluntary suspension for wilful abandonment of a legal matter, Standard 44, and failure to refund a fee, Standard 23); *In the Matter of Bronson,* 246 Ga. 136 (269 SE2d 27) (1980) (public reprimand for wilful abandonment of a legal matter, Standard 44, and failure to notify client of dismissal of an action, Standard 4); *In the Matter of Cooley,* 246 Ga. 137 (268 SE2d 927) (1980) (voluntary suspension for abandonment of a legal matter, Standard 44); *In the Matter of Otonicar,* 244 Ga. 674 (261 SE2d 399) (1979) (public reprimand for disregard of a legal matter, Standard 44, and wilful misrepresentation of the status of a claim he had been employed to pursue, Standard 4); *In the Matter of Price,* 244 Ga. 532 (261 SE2d 349) (1979) (public reprimand for failure to adequately represent client and to inform the client of her intention to withdraw, Standards 40 and 44).

After reviewing the record, we find the Board's recommendations were authorized by the evidence and the discipline recommended was appropriate. We therefore order that Jeffery R. Sliz be publicly reprimanded as to each of these cases, jointly, in the Superior Court of Cobb County, the county of his residence.

*It is so ordered. All the Justices concur.*

DECIDED DECEMBER 4, 1980 —
REHEARING DENIED DECEMBER 17, 1980.

*Omer W. Franklin, Jr., General Counsel State Bar, James E. Spence, Jr., Assistant General Counsel State Bar, Victor Alexander, Jr., Assistant General Counsel State Bar,* for State Bar of Georgia.
*J. L. Edmondson,* for Sliz.