IN THE MATTER OF MAPLES.
(SUPREME COURT DISCIPLINARY NO. 193)

PER CURIAM.

The State Bar of Georgia filed a complaint against the respondent alleging a violation of Standard 44 of the Bar Rules.

After a hearing, the special master concluded "that Mr. Maples' failure to act upon his client's requests to conclude the matter after May 1980, was inexcusable and that such inaction constituted wilful disregard of the matter entrusted to him which was detrimental to (his client). The State Bar established a violation of Standard 44 beyond a reasonable doubt."

The special master recommended a private reprimand. The State Disciplinary Board adopted the findings of fact and conclusions of law made by the special master and recommended a public reprimand. The respondent has filed exceptions in this Court to the findings and recommendations of the Board and asks that all charges be dismissed.

1. At the close of the evidentiary hearing the respondent made a motion to dismiss based on the alleged unconstitutionality of Standard 44.[1] This motion was denied by the special master as not being timely raised, citing *Allison v. Fulton-DeKalb Hosp. Authority,* 245 Ga. 445 (265 SE2d 575) (1980). Respondent alleges this as error.

---

[1] Standard 44 reads as follows: "A lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him. A violation of this standard may be punished by disbarment."

Pretermitting the issue of timeliness, we note that a similar attack was made on this standard and rejected by this Court in *In the Matter of Sliz,* 246 Ga. 797, 802 (273 SE2d 177) (1980). In *Sliz* we construed the language "in effect wilfully abandon" in Standard 44 not to be unconstitutionally vague and overbroad, being words easily understood and frequently applied by lawyers. The thrust of the attack in this case goes to the vagueness of the word "detriment" as used in the Standard. Again we find this to be a word easily understood and commonly used, especially in the legal profession. It can mean any injury or hurt or harm however slight. As we stated in *Sliz,* supra, "In showing 'detriment' to the client . . . it is not necessary for the State Bar to show that the client would be entitled to recover monetary damages from the attorney. . . ."

Assuming that the constitutional attack was properly raised, we find it to be without merit.

2. The respondent contends that in any event there was no "detriment" shown in this case to the interests of his client and that his client was the beneficiary of "a favorable property settlement."

The record shows that respondent was retained in June 1978 to represent his client in a divorce action. A divorce was granted in September 1978, all other issues being reserved. Respondent informed his client that it would take 12 to 14 months for her case to reach the trial calendar though he did not stipulate or place her case on the trial calendar. No further action was taken until April 1980 when respondent and counsel for the former husband agreed upon a settlement of all issues. Respondent's client approved the settlement in May 1980, the parties agreeing that respondent would draft the settlement agreement. The settlement agreement was not drafted until September 1980 during which time respondent did not communicate with his client. In July 1980 the client filed a complaint with the State Bar that respondent would not return her call and that she wanted to "finish up my business." The State Bar on July 15, 1980, suggested to respondent that he communicate with his client. A finding of probable cause was made on September 19, 1980. After the preparation of the agreement in September 1980 and the signing of same by the client in October 1980, the State Disciplinary Board recommended that the case be dismissed and urged respondent to conclude his client's case. The client likewise wrote respondent in December 1980 urging him to conclude the matter. Respondent did not respond to this letter nor did he claim a certified letter sent to him in February 1981 by opposing counsel. On March 2, 1981, the client discharged respondent and another attorney was engaged. The property settlement was filed in DeKalb Superior Court on March 17,

1981. Based on the facts the State Disciplinary Board found probable cause to file a formal complaint on May 15, 1981.

The special master found that the "continuing and protracted delay and procrastination in the performance of services and discharge of duties was detrimental" to respondent's client in that the delays caused "worry and concern" to the client, the client was forced to file a complaint with the State Bar, that she was unable to close out the divorce case and settle her business and family affairs, and that she was forced to discharge the respondent and involve another attorney to conclude the matter.

These findings of "detriment" are supported by the evidence and are sufficient to support the requirement of Standard 44 that there must be a "detriment" to the client. The "detriment" shown by this record was more than "imaginary or hypothetical."

We find no harmful error in these proceedings. The discipline recommended by the State Disciplinary Board is authorized by the evidence. We adopt this recommendation and order that Stephen T. Maples be publicly reprimanded in the superior court of the county of his residence.

*It is so ordered. All the Justices concur.*

DECIDED MAY 25, 1982—
REHEARING DENIED JUNE 22, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Michael L. Wetzel,* for Maples.