IN THE MATTER OF BOBBY L. HILL.
(SUPREME COURT DISCIPLINARY NOS. 270, 305, 306, 326, 327, 328, 329)
(321 SE2d 731)

PER CURIAM.

The respondent, attorney Bobby L. Hill of Savannah, was charged in seven complaints instituted by nine complainants with violating Standards 4, 23 and 44 of Bar Rule 4-102. In four of the nine instances, he was found not to be in violation of the Standards. In the other five he was found by the special master to be in violation.

Standard 4 provides: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. A violation of this standard may be punished by disbarment."

Standard 23 provides: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned. A violation of this standard may be punished by a public reprimand."

Standard 44 provides: "A lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him. A violation of this standard may be punished by disbarment."

The special master's findings of fact and conclusions in each of the five instances in which respondent was found in violation follow.

## *Docket No. 305, Count 1.*

*Findings of Fact*: Respondent was retained by Mr. William D. Rood, Jr., on October 24, 1981, regarding a possible employment discrimination suit against Mr. Rood's former employer. On October 30, 1981, respondent accepted a money order from Mr. Rood in the amount of $750 as a fee for respondent's services.

During his initial October 1981, meeting with Mr. Rood, respondent was informed that Mr. Rood had recently received a right to sue letter from the United States Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission notifying Mr. Rood that he had 90 days from receipt of the letter to file suit on the employment discrimination charges.

Respondent failed to file suit on behalf of Mr. Rood before the end of the aforementioned 90-day period. In February 1982, Mr. Rood went to respondent's office and was told by respondent that work was proceeding on the case, the prospect of which "looked good." In July 1982, respondent received a letter from Mr. Rood requesting a status report from respondent on the progress of the employment discrimination action. Respondent failed to respond to the above letter of July 1982, requesting a status report on Mr. Rood's case. From October 1981, until the present, respondent has refused to respond to Mr. Rood's numerous telephone inquiries concerning the status of the employment discrimination action.

From October 1981, until the present, respondent has failed on behalf of Mr. Rood to take legal action in pursuance of the employment discrimination claim. Respondent has never informed Mr. Rood that the employment discrimination action was without merit and that respondent was closing his file on the matter; contrarily, respondent said the case "looked good" in February 1982, when the client's right to sue had already expired. Respondent should have told Rood, by early December 1981, suit was not being filed. Notwithstanding the client's visits, calls and letter, I am persuaded the respondent never told Rood suit had not been filed.

*Conclusions of Law*: Mr. Rood entrusted his employment discrimination claim to respondent and no complaint was filed or other effective action taken by respondent in the matter. Respondent's conduct amounts to wilful abandonment and detriment has been suffered by Mr. Rood in that he has paid a fee of $750 and received nothing in return. Accordingly, respondent's conduct constitutes a violation of Standard 44 of Rule 4-102 of the Georgia Bar Rules.

### Docket No. 305, Count 2.

*Findings of Fact*: Mrs. Bobbie Jean Burks, Morganza, Louisiana, visited Mr. Hill in early 1979, corresponded with him in the summer of 1979 and visited at Savannah again in the late summer of 1979. She consulted with him regarding the failure of her former husband to comply with the terms of a divorce decree that granted her child support and an interest in certain Camden County, Georgia, real estate. Respondent agreed to represent the client in enforcing her interest under the divorce decree. He requested a fee of $500 and an additional contingency of one-third of all benefits collected.

After the payment of the fee, the client made a number of attempts to contact Mr. Hill both by phone, by correspondence, and also through another attorney. From January 1980, until a time after the filing of a complaint by the client against the respondent attorney, Mr. Hill made no contact with Mrs. Burks. From September 1, 1979, until the time of the hearing, Mrs. Burks has received no child support or any funds attributable to the former husband's sale of the real estate in which Mrs. Burks claims an interest.

*Conclusions of Law*: Mrs. Burks entrusted to respondent the matter of seeking a remedy for her ex-husband's alleged violation of their divorce decree and paid respondent a retainer fee of $500. After initial efforts to file a contempt action on her behalf by respondent were rejected by the appropriate court for errors involving a purported signature on the verification, respondent ceased all activity in the case. At that point, in April 1980, respondent wilfully abandoned the matter and made no further efforts to communicate with Mrs. Burks regarding the status of her case. Mrs. Burks suffered detriment in that she has paid respondent $500 and has never been able to have her child support claim properly adjudicated by the courts. While the client's rights to the lots or funds resulting from their sale may be unclear, certainly respondent could have maintained a contempt action for the former husband's failure to pay child support, but respondent failed to complete this responsibility and, furthermore, failed to advise his client that he had not completed the matter for her. Accordingly, respondent has violated Standard 44 of Rule 4-102 by his conduct in this matter subsequent to April 1980.

### Docket No. 306.

*Findings of Fact*: On December 5, 1975, respondent's firm was retained by Mr. Levi Jones to file an employment discrimination suit against the United States Department of Defense. Mr. Jones paid a retainer fee of $200 to the firm at the outset of their representation of him, and, according to his employment agreement with the firm, Mr.

Jones was to pay an additional $25 to the firm twice per month. From December 1975, until January 1981, as agreed, Mr. Jones paid $25 to the firm either once or twice each month.

A member of respondent's firm filed suit on behalf of Mr. Jones in the United States District Court for the Southern District of Georgia. On September 21, 1977, this attorney withdrew as attorney of record for Mr. Jones and respondent was substituted as attorney of record for Mr. Jones in the suit. As attorney of record for Mr. Jones, respondent represented Mr. Jones at the filing of several pre-trial motions in the suit and attended a status conference in January 1979.

On March 10, 1979, respondent attended a pre-trial conference and was advised that the trial would be held on April 4, 1979. Respondent failed to appear at the scheduled trial date on April 4, 1979. Respondent's failure to attend the scheduled trial was without justification or excuse. As a result of respondent's failure to attend the scheduled trial date of April 4, 1979, the court dismissed the suit for want of prosecution.

On or shortly after April 4, 1979, respondent was aware that Mr. Jones' suit had been dismissed by order of the court. Between April 4, 1979, and January 1981, Mr. Jones contacted respondent on numerous occasions to ascertain the status of the suit. In response to the aforementioned status requests from Mr. Jones, respondent consistently informed Mr. Jones, in effect, that the suit was still awaiting trial and that a successful outcome was still anticipated. In January 1981, Mr. Jones visited the federal courthouse where his suit had been filed and discovered that his suit had been dismissed on April 4, 1979. From April 1979, until January 1981, respondent continued to accept the payments of attorney fees from Mr. Jones of $25 at least once each month.

*Conclusions of Law*: Respondent assumed responsibilities for Mr. Jones' employment discrimination action but failed to attend the trial, resulting in the dismissal of Mr. Jones' case. Respondent took no actions to attempt to pursue the case following dismissal and this conduct by respondent amounts to wilful abandonment of Mr. Jones' cause of action.

Additionally, respondent intentionally misrepresented to Mr. Jones that his case was still pending before the court after respondent knew that the matter had been dismissed. As a result of respondent's wilful misrepresentations to Mr. Jones that the action was still pending, Mr. Jones continued to pay and respondent's firm continued to accept, for a period of some 18 months, the monthly fee payments from Mr. Jones. It was not until Mr. Jones himself discovered the dismissal of the suit in January 1981, that he realized what had occurred. Mr. Jones, unable to successfully pursue the matter further with a new attorney and out the various sums of money paid to re-

spondent's firm even after dismissal, has suffered detriment as a result of respondent's conduct. Based on the foregoing, I find that respondent has violated Standards 4 and 44 of Bar Rule 4-102.

## Docket No. 326.

*Findings of Fact*: In October 1981, Mr. Kermit L. Blash retained respondent to represent him regarding a matter involving a third party's allegedly unauthorized cutting of timber on property owned by Mr. Blash and located adjacent to State Highway 341 near Brunswick, Georgia. On or about October 21, 1981, respondent received $510 from Mr. Blash as a fee for his services as well as deeds and other paper work related to the subject property. About three weeks after being retained by Mr. Blash, respondent met briefly with Mr. Blash in Brunswick and informed Mr. Blash that respondent would pursue the matter further by checking some unspecified documents in Atlanta.

After his meeting with respondent in Brunswick, Mr. Blash heard nothing further from respondent until Mr. Blash filed a Memorandum of Complaint with the State Bar of Georgia on January 10, 1983. Shortly after respondent received notice of Mr. Blash's January 20, 1983, complaint to the State Bar of Georgia, Mr. Blash was contacted by respondent and informed that respondent had forgotten about the matter but that he would travel to Brunswick, Georgia, to attempt to finish his work for Mr. Blash. Respondent failed to come to Brunswick as indicated or contact Mr. Blash further concerning his case. Respondent failed to take any significant actions to pursue the property matter entrusted to him by Mr. Blash.

*Conclusions of Law*: Respondent accepted responsibility for and was paid an advance fee to pursue Mr. Blash's problems with clearing title to the property and seeking relief from an adjacent landowner's cutting of timber from the property. Other than two brief contacts with Mr. Blash, one of which was apparently generated by Mr. Blash's complaint to the State Bar, respondent has failed to demonstrate that he has done anything on behalf of Mr. Blash. Accordingly, respondent has, in effect, wilfully disregarded and abandoned the property matter entrusted to him by Mr. Blash. Mr. Blash has paid fees to respondent in advance and has received nothing material in return. Mr. Blash has suffered detriment as a result of respondent's conduct and I find that respondent has violated Standard 44 of Rule 4-102.

## Docket No. 329.

*Findings of Fact*: In December 1981, respondent was retained to represent Ms. Lillian G. Sanders in Superior Court of Thomas County

on a charge of murder. Ms. Alice Rogers, mother of Ms. Lillian Sanders, received $1,000 from her sister, Ms. Lorene King, to be used to retain respondent to represent Ms. Sanders, the niece of Ms. King. On or about December 29, 1981, respondent received, from Western Union, a money order in an amount of $976.05 from Ms. Alice Rogers, as a retainer for his representation of Ms. Sanders.

Respondent failed to appear at either the pre-trial hearings or the trial of Ms. Sanders in Thomas Superior Court on the charge of murder. In March 1982, Ms. Sanders was convicted of the charge of murder in Thomas Superior Court. In response to a telephone call from Ms. King after the trial, during which respondent was requested to refund the portion of the retainer respondent had not earned, respondent informed Ms. King that no refund would be forthcoming. Respondent has failed to refund to Ms. King or any representative of Ms. King the unearned portion of the fee he received from Ms. King to represent Ms. Lillian Sanders.

*Conclusions of Law*: Respondent requested and received a money order for One Thousand Dollars ($1000) (less Western Union fee) as a retainer fee to represent Ms. Lillian Sanders in her pending trial for murder. No representation of the accused, Lillian Sanders, was furnished by respondent. The family denies they received any further fee demands before the trial. Up until the beginning of trial, the client and her family believed that the client's case would be handled by respondent at trial.

An abandonment of this matter by respondent, without any demonstrated just cause, is shown, as the evidence shows the accused received no substantive representation by attorney Hill — he attended neither arraignment nor trial. In addition, respondent was contacted after trial by Ms. King who had actually paid the retainer and who wanted respondent to refund the unearned portion of the fee to her. Respondent refused to refund any portion of the fee as requested by Ms. King. Accordingly, based on the foregoing conduct by respondent, I find that Standards 23 and 44 were violated.

In recommending disbarment, the special master concluded as follows:

"In these matters, a pattern appears. The Respondent accepted fees for promised services, and provided no significant services, and failed to answer inquiries from his clients. Therefore, I am compelled to conclude that he not only abandoned representation of his clients, but in some instances he was deceptive — a noted example is Supreme Court Docket No. 306, the complaint of Levi Jones: long after Jones' complaint had been dismissed, the Respondent attorney continued accepting payments from Jones, never advising Jones that the complaint had been dismissed and in fact furnishing contrary information. In Supreme Court Docket No. 305, Count One, the complaint

initiated by William D. Rood, the limitation period on the client's cause of action ran two months prior to the respondent attorney telling the client that the case still 'looked good.'

"These five violations establish that the Respondent attorney has not used his admission to practice law for the purpose of providing services for reasonable fees, but rather his admission has become an entree to gaining funds from unsophisticated and trusting people and providing those persons with no assistance. It is therefore my recommendation that the prayers of the State Bar of Georgia be granted and that the Respondent be disbarred from the practice of law in the state of Georgia."

The State Disciplinary Board adopted the special master's findings of fact, conclusions and recommendation.

In this court, respondent urges, inter alia, that these disciplinary proceedings were politically motivated; that the proceedings were unduly publicized; that the State Bar should be protecting rather than prosecuting him, because he is a member of the State Bar; and that the special master failed to properly perform his function and duties. On the contrary, we find as follows: The motivation for the institution of disciplinary proceedings, although not shown by this record, is immaterial if violations of the Code of Professional Responsibility in fact exist, as they do here. The rules provide that disciplinary hearings shall be open to the public. Rule 4-221 (d). In prosecuting complaints against attorneys, the State Bar is performing its duty to both the bar and the public. The special master performed his duties according to law.

The recommendation of the State Disciplinary Board adopting the recommendation of the special master that respondent be disbarred is hereby made the judgment of this court. Respondent's name shall be stricken from the roll of attorneys authorized to practice law in this state.

*Respondent disbarred. All the Justices concur.*

DECIDED OCTOBER 17, 1984.

*Omer W. Franklin, General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.