## IN THE MATTER OF EARL GORDON STAPLES, JR.
### (SUPREME COURT DISCIPLINARY NOS. 785, 786, 794, 795)
(399 SE2d 69)

PER CURIAM.

Before us are four State Bar disciplinary proceedings against Respondent Earl Gordon Staples, Jr., which have been consolidated. The Respondent has failed to respond to the State Bar's complaints and motions for default in each case. The Review Panel of the State Disciplinary Board has recommended disbarment in each case.

## Case No. 785

Respondent was retained by the complainant who paid him $400 to represent her in a child support action. Respondent failed to take any action on behalf of the complainant. When the complainant discharged him, Respondent refused to refund the fee. The complainant could not afford to retain other counsel and suffered delay in receiving child support payments as a result of Respondent's inaction.

The Special Master and Review Panel of the State Disciplinary Board found Respondent in violation of Standards 23, 44, and 68 of Bar Rule 4-102.

## Case No. 786

The complainant paid Respondent $2,000 to represent her in a civil suit. Respondent filed suit and instituted discovery in the case. Subsequently Respondent refused to respond to the complainant's telephone calls or written inquiries about the status of her case. The federal court dismissed the suit for Respondent's failure to file a pretrial order. Respondent refused to refund any of the retainer the complainant had paid him.

The Special Master and Review Panel of the State Disciplinary Board found Respondent in violation of Standards 23, 44 and 68 of Bar Rule 4-102.

## Case No. 794

The complainant retained the Respondent to represent him in a criminal action. Following his conviction the complainant discharged Respondent, and requested copies of certain trial documents in order to pursue a pro se appeal. The Respondent promised to forward the documents to the complainant, but failed to comply. The complainant subsequently read in the newspaper that Respondent had filed an unsuccessful appeal on his behalf which the complainant had not authorized. Respondent has not responded to any of the complainant's letters. The complainant has been delayed in his attempt to pursue habeas corpus relief by Respondent's failure to forward the trial documents.

The Special Master and Review Panel of the State Disciplinary Board found Respondent in violation of Standards 21, 22, 44, 45 and 68 of Bar Rule 4-102.

## Case No. 795

The Respondent represented the complainant in a criminal action. Following the complainant's conviction, the Respondent prom-

ised that he would file a motion for new trial and an appeal. The complainant requested that he be sent copies of trial documents and all subsequent filings. The Respondent sent the notice of appeal to the complainant, but has failed to pursue either the motion for new trial or the appeal. Further, Respondent has failed to send the requested documents to the complainant.

The Special Master and Review Panel of the State Disciplinary Board found that Respondent is in violation of Standards 22, 44 and 68 of Bar Rule 4-102.

We adopt the recommendations of the State Disciplinary Board in each of these four cases. It is hereby ordered that Earl Gordon Staples, Jr., be disbarred from the practice of law in the State of Georgia. It is further ordered that Earl Gordon Staples, Jr., notify his clients of his disbarment, and take all necessary action to protect their interests as required by State Bar Rule 4-219.

*All the Justices concur.*

DECIDED JANUARY 10, 1991.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.