## S94Y1908. IN THE MATTER OF MARY M. YOUNG-CUMMINGS.

(455 SE2d 584)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against Mary M. Young-Cummings alleging that she violated Standard 44 (wilful abandonment and disregard of a client's legal matter) of State Bar Rule 4-102. In its complaint, the State Bar further sought discipline under Bar Rule 4-103 (the recidivist rule, authorizing imposition of discipline for a third or subsequent disciplinary infraction). Following an evidentiary hearing, the special master found that Respondent had violated Standard 44, and, based on that violation and her prior disciplinary infractions, recommended disbarment. In its two-sentence report, the review panel, though not rejecting the special master's findings of fact, found that the State Bar did not prove beyond a reasonable doubt that Respondent violated Standard 44. Nevertheless, the review panel recommended imposition of an 18-month suspension based on Respondent's extensive prior record of discipline. We hold that Respondent violated Standard 44 and remand to the review panel to consider the appropriate level of discipline.

1. Contrary to the review panel's report, the record in this case supports the special master's finding that Respondent violated Standard 44. In August 1991, the complainant retained Respondent to represent him in his pending suit for property damages. The complainant paid Respondent $500 and several days later, Respondent appeared on the complainant's behalf at a calendar call for the case. At the beginning of September 1991, the Respondent received notice that the trial of the case was scheduled several weeks later, and she filed an entry of appearance. Prior to the trial date, the Respondent talked by telephone to opposing counsel in the case, who informed her that he was attempting to have the trial continued because of a conflict. The trial court did not grant a continuance in the case. Respondent made no efforts to determine whether a continuance had been granted but failed to appear for the trial. The trial court dismissed complainant's complaint and entered judgment for the defendant in the case. Respondent learned of that dismissal the same day and told the complainant she would do something to get his case "back on track." About a month later, Respondent filed a motion to set aside the judgment without serving a copy on opposing counsel or providing complainant with a copy. Although the case repeatedly appeared on the court calendar, Respondent did not notify her client of those dates nor appear on his behalf. Respondent took no steps to schedule the motion for a hearing. Indeed, Respondent took no other action in the case, and the complainant's motion remained unresolved at the time of the hearing before the special master. While Respon-

dent claimed the complainant fired her, the complainant testified, and the special master found, he did not. It is uncontroverted that Respondent never properly withdrew as counsel for the complainant in his case (Uniform Superior Court Rule 4.3). The special master further found, and it is uncontroverted, that the complainant suffered worry and concern over the status of his case. The special master also concluded that the complainant "suffered detriment in that Order and Judgment against [him] was entered by the Court and his Motion to Set Aside Judgment is still unresolved."

Standard 44 of State Bar Rule 4-102 provides: "A lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him. A violation of this Standard may be punished by disbarment." In *In the Matter of Sliz*, 246 Ga. 797, 801 (2) (273 SE2d 177) (1980) in upholding the constitutionality of Standard 44 against a vagueness challenge, we held "the standard provides that a lawyer shall not without just cause to the detriment of his client wilfully abandon or wilfully disregard a legal matter entrusted to him, or so continuously neglect a legal matter as to be tantamount or equivalent to wilfulness." We have also held that the detriment requirement of Standard 44 means "any injury or hurt or harm however slight." *In the Matter of Maples*, 249 Ga. 502, 503 (291 SE2d 708) (1982).

The record amply supports, beyond a reasonable doubt, the special master's findings and conclusions that Respondent violated Standard 44 "in effect" wilfully abandoning or wilfully disregarding the legal matter complainant had entrusted to her. See *In the Matter of Hill*, 253 Ga. 422, 424 (321 SE2d 731) (1984); see generally *In the Matter of Staples*, 260 Ga. 733, 735 (399 SE2d 69) (1991); *In the Matter of Long*, 259 Ga. 494 (384 SE2d 635) (1989); *In the Matter of Perkins*, 255 Ga. 176, 177 (336 SE2d 254) (1985).

2. (a) Although the review panel rejected the special master's conclusion that Respondent had violated Standard 44 in this case, nevertheless, the review panel recommended an 18-month suspension pursuant to Rule 4-103 in light of Respondent's previous disciplinary infractions. This was inappropriate. The rule, 4-103, the recidivist or "multiple violation" rule provides:

> A finding of a third or subsequent disciplinary infraction under these Rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment. The Review Panel may exercise this discretionary power when the question is appropriately before that panel.

That rule, while providing that a finding of multiple violations may "in and of itself" constitute grounds for imposing discipline, nev-

ertheless applies only in conjunction with a finding of at least one other violation. That is, the infraction or infractions in the same proceeding must constitute the "third or subsequent" infraction under Rule 4-103. Discipline may not be imposed under Rule 4-103 standing alone, based on infractions not part of the same proceeding. In other words, Rule 4-103 is, in effect, an "enhanced discipline" provision, not inflicting punishment for the prior offenses, but authorizing additional punishment for the new offense. See generally 24 CJS 272, Criminal Law, § 1638 (1989).

(b) Because the review panel found that Respondent had not violated Standard 44, and we hold to the contrary, we remand to the review panel to consider the appropriate level of discipline to be imposed for violation of that Standard. The review panel is also directed to consider the appropriate level of discipline in light of Rule 4-103 (the recidivist rule), based on Respondent's prior disciplinary infractions and to file its report in this court no later than 60 days from the date of this opinion. Any exceptions or responses to the review panel's report by the State Bar or by Respondent shall be filed in this court within ten days of the filing of the review panel's report.

*Remanded to the review panel with direction. All the Justices concur, except Benham, P. J., not participating.*

DECIDED APRIL 10, 1995.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Larry B. Mims,* for Young-Cummings.