S94Y1908. IN THE MATTER OF MARY M. YOUNG-CUMMINGS.
(458 SE2d 128)

PER CURIAM.

Mary M. Young-Cummings filed a petition for voluntary surrender of her license to practice law following our prior decision and remand to the review panel in this disciplinary action. *In the Matter of Mary M. Young-Cummings,* 265 Ga. 342 (455 SE2d 584) (1995). In that opinion, we held that Respondent violated Standard 44 (wilful abandonment and disregard of a client's legal matter) of State Bar Rule 4-102, and remanded to the review panel to consider the appropriate level of discipline.[1] Respondent, in her petition for voluntary

---

[1] The facts underlying this disciplinary action are set forth in our previous decision. The special master found Respondent had violated Standard 44, and based on that violation, and

surrender, admits that her conduct in this disciplinary action constitutes a violation of Standard 44, and also acknowledges that she has had extensive prior discipline for similar infractions, and that disbarment is an appropriate level of discipline in this case. The review panel recommends that this Court accept Respondent's petition.

On consideration of the record in this case, this Court adopts the review panel's recommendation and accepts Respondent's petition for voluntary surrender of her license to practice law in Georgia, which is tantamount to disbarment. Respondent is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interest of her clients, and to certify to this Court that she has satisfied the requirements of this Rule.

*Petition for voluntary surrender of license accepted. All the Justices concur, except Benham, P. J., not participating.*

DECIDED JUNE 12, 1995.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Larry B. Mims,* for Young-Cummings.

---

Respondent's prior disciplinary infractions, recommended disbarment. The review panel did not reject the special master's findings of fact, but found the State Bar did not prove Respondent had violated Standard 44. The review panel recommended an 18-month suspension based on Respondent's extensive prior record of discipline. We held that Respondent violated Standard 44 and, in remanding to the review panel, pointed out that State Bar Rule 4-103, the recidivist or "multiple violation" rule, applies only in conjunction with a finding of at least one other violation in the current proceeding.

