S03Y1478. IN THE MATTER OF STEPHEN T. MAPLES.
(588 SE2d 742)

PER CURIAM.

This matter is before the Court on the Report of the Review Panel in which it adopts the special master's conclusion that Respondent Stephen T. Maples violated Standard 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon

or disregard a legal matter entrusted to him) and Standard 68 (lawyer shall not fail to respond to disciplinary authorities) of Bar Rule 4-102 (d), and the recommendation that Maples be suspended for no less than 12 months, after application of Bar Rule 4-103 (third or subsequent disciplinary infraction constitutes discretionary grounds for suspension or disbarment).[1]

The State Bar filed a Formal Complaint against Maples after he failed to timely respond to a Notice of Investigation and he was suspended for almost four months before finally filing a response and having the suspension lifted. See Bar Rule 4-204.3 (d). The special master held two hearings in this matter, one for the presentation of evidence and another to consider evidence of aggravation and mitigation. The special master issued a report and recommendation, to which Maples filed an exception and a request for a Review Panel review. The State Bar filed a response and the Review Panel subsequently issued its report adopting, with amendment, the special master's findings of fact and conclusions of law. Maples filed an exception to that report, and the State Bar filed its response. The matter is now ripe for review by this Court.

The facts show that Maples, who undisputedly is an experienced criminal trial lawyer, was retained in 1995 by the sisters of a convicted criminal defendant to represent their brother on motion for new trial and on appeal. Maples received a total fee of $10,000. He filed the motion for new trial the next month, met with the client and his previous counsel, and reviewed the transcript and forwarded it to the client with a cover letter asking him to call Maples to discuss issues relevant to the appeal. The client never called and Maples never attempted to contact him. Maples concluded in February 1996 that there were no appealable issues and so he decided not to seek an order on the motion for new trial, but to monitor the case law and facts to see if any change therein would give rise to a viable appeal.

Although the evidence is in conflict, the special master and Review Panel found that the client's sisters attempted to reach Maples on numerous occasions but that their inquiries were ignored, and Maples did not speak with them again until a meeting in November 1997. Maples then informed the sisters of his legal strategy. Maples had no further communication with the client's sisters despite the fact that they attempted to contact him.

In 1998, an associate of Maples reviewed the file and in 1999 Maples became aware of a change in the case law under which his client had been convicted, but determined that it would not affect the

---

[1] The special master recommended that Maples receive a public reprimand for violating Standard 44, but the Review Panel apparently did not also adopt that recommendation.

outcome of the client's sentence.

Maples has been the subject of five prior disciplinary actions.[2] We agree with the Review Panel which found unavailing Maples's arguments regarding a violation of Standard 44: that Standard 44 is unconstitutionally vague as it does not compel communication with a client; that he performed substantial work on the case and communicated with his client's sisters, reasonably believing that they would pass information onto the client; and that he did not cause any detriment to the client. Standard 44 can be violated even if a lawyer performs substantial work, and failure to communicate supports the detriment element of Standard 44, see *In the Matter of Tramel*, Case No. S00Y1947 (January 5, 2001); see also Canon 7 of the Code of Professional Responsibility Canons of Ethics and Ethical Consideration 7-8 (lawyer ought to initiate communication with client for decision-making purposes even if client does not do so). Additionally, Maples's failure to advise his client about the change in the law and let him make a decision about filing an appeal was without justification, particularly as the sisters continued during that time to attempt to contact Maples without success. Maples also caused his client detriment as evidenced by the client's concern regarding the lack of progress in his case, in the fee he paid, and in that he was forced to file a grievance, seek reimbursement of the fee through fee arbitration, and retain new counsel. See *Maples*, supra; *In the Matter of Sliz*, 246 Ga. 797 (273 SE2d 177) (1980).

Although a violation of Standard 68 is usually punishable by a public reprimand, in light of the other disciplinary proceedings against Maples, suspension is appropriate under the enhanced punishment provisions of Bar Rule 4-103. We reject Maples's argument that he already has been punished by being suspended for four months and that in the future if a grievance is filed against him he will immediately hire a lawyer. The length of the suspension was due to Maples's own failure to respond to the notice of investigation for that amount of time. And his explanation that he has learned from this experience rings particularly hollow given that he has been sanctioned twice before for such conduct.

Accordingly, we hereby order that for his violation of Standard

---

[2] In 1981 he received a public reprimand for violating Standard 44 by failing to file enumerations of error or a brief in a criminal case; in 1982 he again received a public reprimand for violating Standard 44 and this Court rejected his argument that Standard 44 is unconstitutionally vague, see *In the Matter of Maples*, 249 Ga. 502 (291 SE2d 708) (1982); in 1992 he received a letter of admonition for failing to file enumerations of error and a brief in the Court of Appeals (which suspended his privileges for a year and fined him $500); in 1998 he received another letter of admonition for failing to respond to a notice of investigation; and in 2000 his privileges were suspended for failing to respond to a notice of investigation, but they were reinstated and the underlying grievance ultimately dismissed.

44 Maples be issued a public reprimand pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c), and for his violation of Standard 68 and Bar Rule 4-103, that he be suspended from the practice of law for a period of 24 months, with reinstatement on the conditions that he attend the State Bar Ethics School and approved continuing education programs for which he must earn no less than 12 ethics credits during the period of his suspension. Maples is reminded of his duties under Bar Rule 4-219 (c).

*Twenty-four-month suspension with conditions; public reprimand. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a 24-month suspension and a public reprimand. Maples' repeated violations of Standards 44 and 68 of Bar Rule 4-102 (d) demonstrate a long pattern of disregard for the rules of professional conduct which must be observed by those who are authorized to practice law in the state of Georgia. See, e.g., *In the Matter of Smith*, 271 Ga. 432 (520 SE2d 903) (1999) (attorney disbarred for violating Standards 44 and 68, even though there were no prior disciplinary infractions). After multiple reprimands, admonitions, and suspensions, spanning a period of more than 20 years, Maples continues to disregard the rules of professional conduct. Given this continuous course of misconduct, the refusal to acknowledge the wrongful nature of the conduct, and the continuing failure to cooperate with disciplinary authorities, I believe that the appropriate punishment in this case is disbarment.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED NOVEMBER 10, 2003 —
RECONSIDERATION DENIED DECEMBER 11, 2003.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr., Manning & Leipold, Brince H. Manning III, Calvin A. Leipold, Jr.*, for Maples.