## S04A1983. SPEIGHT v. THE STATE.
### (610 SE2d 42)

FLETCHER, Chief Justice.

Katrina Speight was convicted of aggravated assault and felony murder in the stabbing death of Steven Greene. She appeals, contending that her trial counsel was ineffective and that the delay in the hearing of her direct appeal violates due process. Because the record reflects that Speight requested appointed appellate counsel and counsel has never been appointed, we remand for the appointment of qualified appellate counsel.

Speight was indicted in 1993 in Coffee County in the Waycross Judicial Circuit for malice murder, felony murder and aggravated assault. Boyd English was her appointed trial counsel.[1] In her first trial in June 1993, she was convicted of aggravated assault, but the jury could not reach a verdict on the murder counts. The trial court declared a mistrial on the malice and felony murder counts and postponed sentencing on the aggravated assault count. In her second trial in August 1993, the State proceeded on the malice and felony murder charges. It appears that the aggravated assault for which Speight was convicted in June was the felony underlying the felony murder charge she faced in August. The second jury convicted Speight of felony murder. The trial court sentenced her to life for murder and also sentenced her to a two-year concurrent sentence for the aggravated assault conviction she received in her first trial.

Speight retained as appellate counsel Mary Young-Cummings, who filed a timely motion for new trial, but no hearing was held. Young-Cummings was disbarred in 1995.[2] Nothing else occurred until March 1997 when Speight submitted a properly supported request for the appointment of appellate counsel. The record reflects that no action was ever taken on this request. Five years later, in 2002, Sara Goldman, an attorney admitted to practice in New York, filed a notice of appearance stating that she had taken the case pro

---

[1] See *Sallie v. State*, 269 Ga. 446 (499 SE2d 897) (1998) (reversing death penalty conviction based on English's actual conflict of interest inherent in acting as law clerk and representing criminal defendants in same circuit).

[2] See *In the Matter of Young-Cummings*, 265 Ga. 457 (458 SE2d 128) (1995).

bono. Goldman filed a "notice of motion for disposition of a pending motion for new trial." However, at the hearing in April 2004 on the motion for new trial, Alireza Dilmaghani, another attorney admitted to practice only in New York, appeared as pro bono counsel, asked to be admitted pro hac vice, and stated that Goldman was ill and had left the practice of law. Although pro bono counsel asserted ineffectiveness of trial counsel, he did not call trial counsel as a witness at the motion for new trial hearing.[3] The trial court denied the motion, finding "there has been introduced no evidence to support the allegations."

The record shows on its face that Speight has been denied her right to appointed counsel on appeal. In *Roberts v. State*,[4] this Court held that an indigent defendant is entitled to appointed counsel even if he has counsel representing him pro bono. Because Speight has a pending request for appointed appellate counsel that has never been acted upon, we must remand this case to the trial court for the appointment of qualified appellate counsel. The Clerk of the Supreme Court shall also direct a copy of this opinion to the office of the public defender in the Waycross Judicial Circuit.[5]

This Court will not retain jurisdiction of the appeal. Following the appointment of qualified appellate counsel and the completion of proceedings, if any, in the trial court, appellate proceedings must be initiated anew.

*Case remanded with direction. All the Justices concur.*

DECIDED MARCH 7, 2005.

*Alireza Dilmaghani*, for appellant.
*Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.

---

[3] See *Rivers v. State*, 271 Ga. 115, 117 (516 SE2d 525) (1999).

[4] 263 Ga. 764 (438 SE2d 905) (1994).

